IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-05-0350 |
| | § | CIVIL NO. H-08-2991 |
| ENRIQUE RODRIGUEZ, JR. | § | |
| # 67486-080, | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a *pro se* motion filed by Defendant Enrique Rodriguez, Jr., #67486-080, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, with a request for an evidentiary hearing. (Docket Entries No. 60, 67.) The Government responded to the motion and filed a motion to dismiss with an affidavit of Defendant's trial counsel. (Docket Entry No. 80.) Defendant did not respond to the motion to dismiss.

Upon due consideration of the pleadings, the motions and response, the record, and the applicable law, the Court **GRANTS** the motion to dismiss, **DENIES** an evidentiary hearing, and **DENIES** the section 2255 motion, as follows.

**I. BACKGROUND AND CLAIMS**

Defendant pleaded guilty to one count of possession with intent to distribute a controlled substance, namely five kilograms or more of cocaine, and was sentenced to 180-months federal incarceration. There was no direct appeal.

In the instant motion, Defendant complains that trial counsel was ineffective in (1) failing to inform the sentencing Court of his efforts to obtain drug treatment; (2) failing to

object to the criminal history calculation at sentencing; and (3) failing to file a notice of appeal or to pursue an appeal. The Government argues that these claims are unsupported and meritless.

## II. ANALYSIS

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A criminal defendant's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a defendant must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional

judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the defendant of any substantive or procedural right to which he is entitled. *Id.*

A. <u>Failure to Inform Court of Drug Treatment Efforts</u>

Defendant asserts that trial counsel was ineffective in failing to argue as "mitigating circumstances for downward departure" Defendant's efforts to enter a residential drug abuse treatment program.

In compliance with this Court's order, trial counsel, Erik R. Sunde, submitted an affidavit, in which he controverted Defendant's allegations and testified as follows:

> I did not file a motion for downward departure based on [Defendant's] efforts to seek drug treatment nor did I argue this position to the Court at sentencing. [Defendant] had advised me in very generalized terms that he had previously sought treatment to no avail. Other than this generalized statement, he never provided me with specific details about his efforts, nor did we discuss the

3

> matter again. This statement had been made virtually in passing during one of our discussions regarding his case while he was at the Federal Detention Center (FDC) in Houston. During his sentencing, his addiction to drugs was one of several issues supporting my request to the Court for a non-guideline sentence for [Defendant]. The Court made several references to his addiction to drugs as did I. I am unaware of any argument I could have made on [Defendant's] behalf regarding his attempt to get drug treatment other than to simply state the fact. Even were a basis known to me, I would not have made such an argument a central focus of our request for the 15 year sentence we did ultimately receive from the Court. Furthermore, [defendant] was given ample opportunity to address the Court and even wrote an extremely articulate letter on his own behalf.

(Docket Entry No. 79, Affidavit of Erik R. Sunde, p. 5.) During the sentencing hearing, this Court told Defendant personally that the hearing was his "opportunity . . . to say anything you want to about the issue of sentencing," and asked if there was anything he wanted to say. Defendant responded by asking the Court to "consider certain circumstances." (Docket Entry No. 70, pp. 2–3.) Defendant did not mention to this Court during the hearing any efforts to enter a residential drug abuse treatment program. Further, although Defendant wrote and submitted a letter to the Court, which this Court acknowledged on the record as being perhaps "the most well written letter [the Court] ever received from a defendant," Defendant again made no mention of any drug treatment program efforts. *Id.*, p. 3.

Defendant presents no information regarding his efforts to enter a residential drug treatment program, and does not identify any information he provided his attorney regarding such efforts. On the other hand, trial counsel testified in his affidavit that Defendant never gave him any specific details regarding his efforts, and that they discussed the matter only

4

once in very generalized terms. To the extent Defendant complains that trial counsel failed to inform the Court of his efforts to pursue residential drug treatment, he fails to identify any specific, relevant information that he gave trial counsel. Further, trial counsel states in his affidavit that, "I am unaware of any argument I could have made on [Defendant's] behalf regarding his attempt to get drug treatment other than to simply state the fact," and that, "Even were a basis known to me, I would not have made such an argument a central focus of our request for the 15 year sentence we did ultimately receive from the Court." Defendant fails to overcome the presumption that trial counsel's actions were reasonable trial strategy constituting decisions made in the exercise of his professional judgment. *See West*, 92 F.3d at 1400; *Wilkerson*, 950 F.2d at 1065. Defendant also failed to avail himself of the Court's invitation to present any additional information that he himself believed necessary for the Court's sentencing determination, and fails to state any explanation for this failure to use this opportunity to inform the Court of his purported efforts.

A hearing is not required to dispose of a section 2255 motion if the motion, files, and record of the case conclusively show that no relief is appropriate. *United States v. Samuels*, 59 F.3d 526, 530 (5th Cir. 1995); *see also Randle v. Scott*, 45 F.3d 221, 226 (5th Cir. 1995) (concluding that if the record is adequate to fairly dispose of the motion, no hearing is required). A district court may deny a section 2255 motion without first holding an evidentiary hearing if the evidence conclusively shows that the defendant is not entitled to relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

5

Defendant is not entitled to relief under this issue, and an evidentiary hearing is not necessary for the disposition of this claim.

B. <u>Failure to Object to Criminal History Calculation</u>

Defendant complains that trial counsel failed to object to the use of his state robbery and federal drug convictions in calculating his criminal history in the presentence investigation report ("PSR"), as the sentences for the convictions ran concurrently. Defendant proffers no legal authority in support of this argument. As testified by trial counsel in his affidavit,

> I did not file an objection to the criminal history calculation of the [PSR] because I did not see a basis in law for filing such an objection. I reviewed the [PSR] with [Defendant] well prior to sentencing and specifically spoke to him about his prior convictions. The convictions were wholly separate instances of criminal conduct, from separate jurisdictions and sovereigns, and the sentences imposed placed them well within the prescribed time limits. Furthermore, he never asked me to make such an objection and, again, I saw no basis in law to file one.

(Docket Entry No. 79, Affidavit of Erik R. Sunde, pp. 7–8.)

Defendant fails to show that, had trial counsel raised the requested objection, it would have been granted. Counsel is not ineffective in failing to raise meritless arguments. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections."). As previously stated, a hearing is not required to dispose of a section 2255 motion if the motion and record in the case conclusively show that no relief is appropriate. *Samuels*, 59 F.3d at 530; *Randle*, 45 F.3d

6

at 226. A district court may deny a section 2255 motion without first holding an evidentiary hearing if the evidence conclusively shows that the defendant is not entitled to relief. *Bartholomew*, 974 F.2d at 41.

Defendant is not entitled to relief on this issue, and an evidentiary hearing is not necessary for the disposition of this claim.

    C.    <u>Failure to Pursue Appeal or File Notice of Appeal</u>

Defendant claims that trial counsel failed to file a notice of appeal and/or pursue a direct appeal of his sentence.

In his supplemental statement, Defendant declared under penalty of perjury that, "My attorney, Erik R. Sunde, on several occasions, instructed [sic] me and others he would file an appeal." (Docket Entry No. 67.) Defendant further alleged that, "In my initial meeting in the private visitation room at Federal Detention Center Houston with Mr. Sunde, I remember him saying, 'I will handle your appeal.'" *Id.* Defendant states that, after sentence was passed, "[trial counsel] stated at the podium in the courtroom[] that he would file a notice of appeal per the Judge['s] instructions." *Id.* Defendant asserted that he never contacted trial counsel thereafter, "because truthfully I thought he was handling all filings concerning my appeal." *Id.* Defendant submitted four typewritten statements from four family members, who stated under penalty of perjury that each "heard the attorney for Enrique Rodriguez, Jr., state during the sentencing hearing that he would appeal the

7

sentence given" or that the attorney himself told them that "he would appeal the sentence[.]" *Id.*

> In his affidavit, trial counsel responded to this claim as follows:
>
> I did not file a notice of appeal in [Defendant's] case because he did not request that I do so nor did I ever tell him I would do so. Prior to his sentencing on September 8, 2006, [Defendant] and I discussed asking the Court for a 15 year non-guideline sentence. Such a sentence equated to approximately one-third less than the sentencing guidelines allowed. He agreed with me on this issue and this was the position advanced at the September 8, 2006 hearing. Prior to the subsequent sentencing hearing on September 28, 2007, [Defendant] and I again discussed a 15 year sentence and he was again in agreement. On the day of his sentencing, I advised [him] again that I would seek a sentence reducing his guideline exposure by one-third, which equated to approximately a 15 year sentence. Again, he agreed with this position. I also advised him that I would invite the Court to consider less time but, as we had previously discussed, a sentence of 15 years was what we would seek. Finally, I advised [Defendant] that, subsequent to his sentencing, regardless of the sentence imposed by the Court, he could continue to pursue cooperation and, should he provide substantial assistance to the government, could anticipate the filing of a Rule 35 motion which, based on my experience in such matters, would probably result in a reduction of one-third to one-half of his sentence. He advised me he wanted to do this.
>
> I have reviewed the transcript of the sentencing in this case and find nothing in the transcript supporting the contention that I advised the Court during sentencing that I would file a notice of appeal. I would not have filed a notice of appeal because [Defendant] did not ask me to do so, was in agreement with my effort to seek a 15 year sentence and desired to continue to cooperate to seek a motion under Rule 35. Indeed, my concern at sentencing, and that of [Defendant], was that the government might find a fifteen-year sentence unreasonable and that the government, not [Defendant], might appeal such a sentence. I specifically raised this very issue with the Court during sentencing as I attempted to explain to the Court the authority it had for imposing such a sentence. The government vigorously opposed a 15 year sentence.

8

> [The family members' affidavits attached] to [Defendant's] supplemental statement state that during the sentencing the declarants heard me advise the Court that I would file a notice of appeal. I did not make such an assertion and, again, my review of the sentencing transcript reveals that the transcript does not support this assertion. As to the [Barcenas' affidavit], I did state to [Defendant's] family, in the hallway of the courthouse immediately following the sentencing hearing, that there existed a legal way to reduce the sentence by, in my experience, between one-third and one-half. I did not refer by name to the procedural device set forth in Rule 35. It is conceivable that members of his family may have interpreted this to mean that an appeal would be filed. However, I never stated I would file an appeal, again because 1) [Defendant] did not ask me to do so, 2) we had achieved the sentence we had argued for and an appeal was illogical and 3) [Defendant] wanted to pursue a reduction pursuant to Rule 35.

(Docket Entry No. 79, Affidavit of Erik R. Sunde, pp. 5–7, emphasis deleted.)

The law is clear that, if a defendant requests counsel to file a notice of appeal, counsel's failure to do so constitutes ineffective assistance, entitling the defendant to an out-of-time appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). As stated by the Fifth Circuit Court of Appeals in *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007), if a defendant "is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and [he] will be entitled to an out-of-time appeal, regardless of whether he is able to identify any arguable meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." *Id.*

In unpublished cases following *Tapp*, the Fifth Circuit has held that, where a defendant alleges in a section 2255 motion that counsel failed to follow his instructions to appeal, the district court must hold an evidentiary hearing to determine whether the request

was made. *See, e.g., United States v. Taylor*, 270 F. App'x 363, 366 (5th Cir. 2008); *United States v. Alvarez*, 172 F. App'x 587, 589 (5th Cir. 2006); *United States v. Thomas*, 216 F.3d 1080, 2000 WL 79135 (5th Cir. 2000). This holds true whether or not counsel denies a defendant's allegations that he had requested counsel to pursue an appeal. *See United States v. Valdez*, 392 F. App'x 274, 275 (5th Cir. 2010).

Unlike the defendants in *Tapp* and other applicable Fifth Circuit cases, Defendant in the instant case does *not* state, under penalty of perjury or otherwise, that he requested counsel to pursue an appeal, nor does he dispute counsel's affirmation that Defendant never requested an appeal. Moreover, a careful review of the sentence hearing transcript refutes Defendant's assertion that trial counsel had announced on the record that he would pursue an appeal or file a notice of appeal, or that this Court had instructed trial counsel to take such actions. (Docket Entry No. 70.) As evinced by *Tapp* and subsequent Fifth Circuit cases, a defendant's right to an evidentiary hearing and, ultimately, an out-of-time appeal, is premised on his sworn pleading that he expressly instructed trial counsel to pursue an appeal or file a notice of appeal. Defendant makes no such assertion.

Counsel's failure to pursue an appeal or file a notice of appeal cannot provide Defendant relief in the instant case absent his assertion that he requested counsel to pursue such actions. Trial counsel testifies in his affidavit that Defendant made no such requests, and Defendant's pleadings allege nothing to the contrary. Accordingly, Defendant is entitled to neither an evidentiary hearing nor relief under section 2255 under this claim.

## III. CONCLUSION

Accordingly, the Government's motion to dismiss (Docket Entry No. 80) is **GRANTED**. Defendant's section 2255 motion and request for an evidentiary hearing (Docket Entries No. 60, 67) are **DENIED**. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 3rd day of November, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE